All rise. The State of Illinois Commercial Commission, Division of the Appellate Court, is now in session. Honorable Justice Weavey Oldridge is present. Please be seated. Thank you. Madam Clerk, will you please call the next case? 215-1183 ADF Freight System, Inc. v. Workers' Compensation Commission, Inc. All rise. Counsel, you may proceed. Good morning, Justices. May it please the Court? Good morning, Counsel. How are we doing today? I think we're okay. Perfect. Well, my name is Tim O'Gorman. I'm here representing ABF Freight in this matter on its appeal. Thankfully, we have a very narrow issue that I'd like to discuss today, so I'll do my best to make it brief. Your Honors, we have a situation where the Commission awarded 19 L penalties against ABF on the basis that it did not timely pay medical bills contained in Petitioner's Exhibit No. 5, which is contained in the record on pages 460-493. What the Commission blatantly ignored in issuing this decision is the response that ABF Freight provided to Petitioner in response to receiving this exhibit. Now, this one document, which is a letter dated February 13, 2013, which is actually contained in the exhibit itself, it's on page 478. This one document is why the Commission's decision goes against the manifest weight of the evidence. So under Section 8.2d.1 of the Act, all payments for bills shall be made as long as they contain substantially all the required debt elements necessary to adjudicate the bills. Now, the first question we have to ask ourselves is what exactly are the required debt elements necessary to adjudicate the bills? And the plain language of the Act uses the particular word adjudicate, which can only lead us to infer that the elements required for payments of medical bills are the same elements for those by which the Commission would consider compensability of the claim. And by that metric, not only are CPT codes required as a necessary debt element, not only are billing amounts required as a necessary debt element, but the medical records are one of those necessary debt elements that are required to adjudicate the claim. Those were not contained in Petitioner's Exhibit 5. That was pointed out to Petitioner in that letter contained in Petitioner's Exhibit 5, page 478 of the record, to the Petitioner in response within the time limit, which is set forth by 19L and 8.2d. So does the letter request additional documentation? It requests additional documentation, and specifically what it says. Because when all documentation is provided, how does the person getting the letter know what you want? Well, Your Honor, that actually brings me to the next point that I was going to make. Whether or not the request for medical records specifically were requested. Now, in regards to documentation, Respondent Plaintiff Appellant's position in this case is we don't know what other interpretation. Documentation means other than the medical records and bills that are necessary to adjudicate the claims. We weren't asking for other codes or different forms or specific tax forms. It was documentation, which to us means paper documents which were not included. And I hope that answers your question, Your Honor. What we have here is we have a request for payment of the bills. We have within five days, which is well within the 30 days required by the Act, we have a notice to the Petitioner that we do not have all of the necessary data elements required to adjudicate the claim. And we don't have a response to that until the date of trial, when the exhibits were tendered in full with the medical records attached. I'm sorry. So we have two answers to these two questions. We have yes, medical records are required to adjudicate medical bills. They need to be included when bills are tendered. And actually 8.2D, I'm sorry, I get tripped up sometimes referring to that particular set of words. 8.2D specifically mentions records and bills. It's in the Act itself. So yes, medical records are required to adjudicate these bills. And yes, on February 13th, 2013, in requesting all of the documentation, we're unsure of what other interpretation that could be given other than all of the documents needed that are necessary to adjudicate these bills. So for these reasons, Avia Freight respectfully requests the award of 19L penalties awarded by the Commission be vacated. Has Avia Freight behaved entirely consistent with the agreement? At the date of trial, it was not. On the day that the letter was sent, it certainly was. It's the petitioner's burden to prove whether or not medical treatment is causally related to an alleged work injury. At the date that that letter was sent, there was a dispute as to whether or not that was in fact the case. Because of some missing numbers, you're saying? Because of some missing documents. The records themselves. The records which would have shown the history that the petitioner had provided, the physical examinations, any diagnostics that were reviewed. Those were what was missing. It wasn't necessarily codes or UB40 forms. It was specifically the documentation which would have causally related the bills and the treatment that was sought to the alleged work injury. So, again, just to very quickly finish, we ask that the award be vacated. Responding in this matter acted entirely consistent with what the Act requires of them. And not to go further on the issue of permanency, I would just leave those arguments to what's contained in the briefs. Your Honors, thank you very much. Thank you, Counsel. Counsel, you may respond. Good morning, Your Honors. Counsel Mike Brandenburg on behalf of the injured employee, in this case, Keith Littlejohn. There is no dispute that this is a manifest way to the evidence case. The case law tells us that the issue of penalties, including penalties under Section 19L, is a factual issue for the Commission to determine. And the case law also tells us that when there is a delay in payment of medical benefits, the burden is on the respondent or the employer to provide a reasonable defense for why those benefits are not paid. And he gave us what he believes was a reasonable excuse that was missing documentation. So what do you say in response to that? That is not a reasonable excuse. And I'll start by pointing out to the exact section of the law that was quoted by opposing counsel, which says that if the employer is presented with medical bills for payment and they have an issue, they are to request further information from the provider, not from the employee. There is no evidence, nor was there ever any evidence presented, that the employer ever requested this information from the provider. Now, what we do have evidence of, and this evidence is found in the employer's own exhibits, is that they paid medical bills to that same provider both before the dates of service in question and after. So it is not reasonable to assume that they did not have the necessary documentation just from these specific dates of service. He points to this issue of whether or not there are enough data elements provided to adjudicate the bills. On that note, I would also point that they had enough data elements, obviously, to pay bills both before and after, but these bills that were sent to the employer on February 8th of 2013 are the same bills that were presented at the time of trial, which the arbitrator found were reasonable, necessary, causally related. And to that point, the employer has not once, at any level of this proceeding, contested that these bills were not reasonable, necessary, or causally related. They have presented no defense for why those bills should not be paid. In the response that was issued by the employer to the February 8th, 2013 letter, all it says is that they are paying bills when provided with documentation. This does not state that they specifically dispute any of these bills, that they are not going to pay these bills. All it says is that they are paying them as they get documentation. These bills were never paid, and what opposing counsel fails to mention is that the employee sent another letter in August, on August 7th of 2013, again, presenting them with these same bills, the same CPT codes, all the data elements that were presented at the time of hearing and awarded by the arbitrator, and there was no response at that point. At that point, the letter said, here are the bills again. We are presenting you with all the information that you need to pay these bills. Why are they not being paid? No response was ever given. No response was given at the time of hearing when these bills were awarded. No single defense, no reasonable defense was ever presented by the employer. This case epitomizes why Section 19L penalties are in the Act. And the case law tells us that these penalties are in the nature of a late fee and that they are mandatory when there is any delay in paying these benefits and no defense is ever brought. And it's still a fact question to be determined in a manifest way. Absolutely. That's a great point, Your Honor. And there's more than enough evidence there for the arbitrator and the commissioner, the commission, to find that these penalties are justified. And, therefore, penalties are not against the manifest way of the evidence. Counsel did not address the permanency or the nature and extent of the injury in his arguments. Both permanency and penalties are factual decisions to be made by the commission. And there's enough evidence to approve the commission's decision on that issue. Absolutely. And we would ask that this Court does so. Thank you. Thank you, counsel. Counsel, in reply? May I? Yes, you may. Very quickly. In regards to the manifest way of the evidence standard, if an apparent opposite, if an opposite conclusion is readily apparent. Clearly apparent, yeah. Clearly, yes. And thank you, Justice. Then the appellate court must overturn the decision of the commission. We tend to refer to 19L penalties as what is referred to as a, quote, unquote, late payment. But the Act states that it is actually more than that. It's not just a late payment. There needs to be an unreasonable delay. And, usually, there needs to be no response. In this case, we have neither of those. We have no basis to award 19L penalties. And to counsel's point that to try and perform a workaround in regards to obtaining the records and bills, there is no requirement by the Act on a respondent when a petitioner provides bills to then go to the provider and subpoena or request records. What 8.2d specifically says, God bless you, what 8.2d says specifically as to that is the request shall be made on the provider when the provider themselves are offering the bills to the respondent or the employer. Now, I don't believe that the standard by which 8.2d 1 and 2 should change simply because the bills may be provided by another. Well, how do you respond to his point that it's sort of subterfuge what the employer did? Because you had no problems before and after with the same set of bills. It was only when the employee sent them in on this particular batch that all of a sudden there was a problem. So can you illuminate why that's the case? Well, the bills were not disputed at trial because the records were there to be reviewed and to be proven up, that the bills themselves were actually related to treatment that he sought as a result. No, but he was saying bills were sent in before and after this in which they never got a response like we had in this case. And the records were obtained. The records were received from that. With this particular batch, there were no records along with these bills. That's the absolute crux of this argument, is that these particular bills and this particular letter, which was sent in September of 2013, did not or February, I'm sorry, February of 2013, did not contain those same records. And without those same records, a respondent can't tell what these bills are for. Did you try the case before the arbitrator? Yes, I did, Your Honor. Was this argument made before the arbitrator? At the time that it was made, at the time we sat down before the arbitrator, no, because the records were offered with those particular bills. So, no, and received upon those, payment was made, absolutely, which is entirely consistent with what the Act holds for respondents. Other than that, I would rest on my other arguments. Justices, thank you very much for your time. Thank you, counsel, both for your arguments in this matter. It will be taken under advisement and written disposition until issued.